# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE DEON SHOTWELL, | CASE NO. 1:10-CV-00401-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| W. A. DUNCAN, et al., | |
| Defendants. | (DOC. 1) |
| / | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendation**

I.  **Background**

Plaintiff Prince Deon Shotwell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed his complaint on March 8, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants W. A. Duncan, assistant director at the CDCR, doctor J. Chudy of the California Treatment Facility at Soledad, California, and B. Zika, a Ph. D. At CTF-Soledad. Plaintiff also names staff and medical doctors at CSATF.

 Plaintiff alleges the following. Plaintiff was hooked up to a "mind map" in order to detect Plaintiff's thoughts outwardly. Plaintiff complained of this mind map, and the grievance was granted by Defendants Zika and Chudy. However, it was not honored.

Plaintiff was then transferred to CSATF, where he again complained of a mind map being placed on his head. This grievance was screened out. Plaintiff contend a violation of the Fifth and Fourteenth Amendment. Plaintiff seeks as relief an injunction preventing CDCR employees from harassing Plaintiff with bed moves, tampering with his mail, or retaliating against Plaintiff for filing this action. Plaintiff also requests liens against each Defendant's incomes until settlement of action.

## III.     Analysis

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due

1  Process Clause itself does not confer on inmates a liberty interest in being confined in the general
2  prison population instead of administrative segregation. *See id.* With respect to liberty interests
3  arising from state law, the existence of a liberty interest created by prison regulations is
4  determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-
5  84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint
6  which "imposes atypical and significant hardship on the inmate in relation to the ordinary
7  incidents of prison life." *Id.* at 484. It is unclear what violation of the Fourteenth Amendment
8  has occurred by any defendants, if any.

9  Plaintiff also alleges a violation of the Fifth Amendment, but fails to plead what part of
10 the Fifth Amendment was violated. Plaintiff thus fails to state a claim.

11 Plaintiff's complaint concerns a mind map being placed on Plaintiff against his will in
12 order to read his thoughts. The Court finds this pleading to be implausible. As explicitly stated
13 by the United States Supreme Court, only claims which are plausible on its face meet the
14 standard required under Federal Rule of Civil Procedure 8(a)(2). *See Iqbal*, 129 S. Ct. at 1949
15 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
16 draw the reasonable inference that the defendant is liable of the misconduct alleged."); *see also*
17 *Moss v. United States Secret Serv.*, 572 F.3d 962 969 (9th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at
18 1949). There is no reasonable inference to be drawn from an allegation of a mind map to
19 indicate any liability by any Defendants.[1]

20 The Court does not find that Plaintiff will be able to allege any new pleadings to cure the
21 deficiencies in his complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).
22 Accordingly, the Court recommends dismissal of this action with prejudice, and without leave to

---

[1] Plaintiff appears to allege supervisory liability against certain defendants. The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.* at 1948-49. Thus, a supervisor is only liable for constitutional violations by subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). As Plaintiff fails to allege any plausible pleading, Plaintiff fails to state a cognizable supervisory liability claim.

amend.

## IV.     Conclusion And Recommendation

Based on the foregoing, Plaintiff fails to state any claims upon which relief may be granted under 42 U.S.C. § 1983.  The Court finds that Plaintiff should not be granted additional leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, the Court HEREBY RECOMMENDS the following:

1.    Plaintiff's action be dismissed, with prejudice, for failure to state any claims upon which relief may be granted under 42 U.S.C. § 1983; and

2.    This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

   IT IS SO ORDERED.

Dated:   **December 1, 2010**                           **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE